UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT RADOVICH,

                Plaintiff,

-against-

LIVE NATION WORLDWIDE, INC.,
LIVE NATION SARATOGA CONCERTS, LLC,
LIVE NATION ENTERTAINMENT, INC.,
And JOHN DOE.

                Defendants.

**COMPLAINT**

Civil Case No.: 1:20-cv-1318 (FJS/CFH)
Date Filed:

**JURY TRIAL DEMANDED**

---

Plaintiff, Robert Radovich, by and through his attorneys, Girvin & Ferlazzo, P.C., sets forth the following as and for his Complaint against Defendants Live Nation Worldwide, Inc., Live Nation Saratoga Concerts, LLC, Live Nation Entertainment, Inc., and John Doe:

### I.    PARTIES

1. At all times relevant herein, Plaintiff Robert Radovich (hereinafter the "Plaintiff") was and remains a natural person, and resident of the State of Missouri.

2. At all times relevant herein, Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc. were incorporated in, and citizens of, the State of Delaware and Live Nation Saratoga Concerts, LLC was a Limited Liability Company registered in, and a citizen of, the State of Delaware (collectively hereinafter "Live Nation").

3. Defendant John Doe is unknown at this time. Upon information and belief, John Doe is a citizen of the State of New York.

## II.     JURISDICTION & VENUE

4.     Jurisdiction in this action is proper pursuant to 28 U.S.C. § 1332 because Plaintiff's claims involve an amount in controversy in excess of $75,000.00, and Plaintiff is a citizen of a different state than all Defendants.

5.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because all of the events or omissions giving rise to the claims herein occurred within the Northern District of New York, specifically within the County of Saratoga.

## III.    FACTS

6.     Live Nation organizes and promotes concerts at, and is otherwise responsible for the operation, maintenance and control of, the concert facilities at Saratoga Performing Arts Center (hereinafter "SPAC") located at 108 Avenue of The Pines Saratoga Springs, New York 12866, pursuant to a license/agreement with SPAC and/or the State of New York and or the New York State Office of Parks, Recreation and Historic Preservation ("License").

7.     Pursuant to the License, Live Nation was responsible, *inter alia*, for the supervision and control of the unloading, setting up of, construction, dismantling and loading of stage equipment, props and materials for the erection of stages and other structures at music concerts held at SPAC.

8.     On or about August 24, 2019, Plaintiff Robert Radovich, a truck driver, was delivering equipment and materials for use in the erection of a concert stage at SPAC.

9.     Live Nation was promoting, organizing and sponsoring the concert, and was in charge of supervising and directing the erection of the concert stage and the removal of stage equipment and materials from Plaintiff's tractor trailer.

10. Upon information and belief, under the direction and supervision of Live Nation, Defendant John Doe was operating a forklift (the "Forklift") to remove three large metal carts containing concert stage equipment and materials from the rear of Plaintiff's tractor trailer, which was approximately 4 feet above ground level.

11. At all times relevant herein, Defendant John Doe was an agent or employee of Live Nation acting in the scope and furtherance of his employment with Live Nation, and was in exclusive control of the Forklift.

12. While the metal carts were being hoisted away from the tractor trailer, one or more of the crates fell off of the Forklift striking Plaintiff in the left leg (the "Accident").

13. Upon information and belief, while hoisting the metal crates away from the Plaintiff's tractor trailer, John Doe operated the Forklift over a slight incline but failed to adjust the pallet forks to keep them level, causing the metal carts to fall from the Forklift and strike Plaintiff's left leg.

14. Upon information and belief, Defendant John Doe failed to warn Plaintiff of the falling crates by activating the Forklift's horn or other similar device, or, alternatively, the Fork Lift was not equipped with such a device.

15. In addition to the foregoing, Defendant John Doe failed to secure the metal carts to the Forklift with a chain, strap, rope or other safety device.  Upon information and belief, Live Nation failed to make these or other safety devices available.

16. Plaintiff suffered severe permanent injuries to his leg as a result of this accident.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violations of Labor Law § 200 against Live Nation)

17. Plaintiff repeats all prior allegations.

18. Live Nation violated § 200 of the New York State Labor Law ("Labor Law") by failing to maintain the area where Plaintiff's tractor trailer was being unloaded in a reasonably safe manner and by failing to correct, detect and/or remedy an unsafe condition where Plaintiff was working.

19. Live Nation further violated Labor Law § 200 by failing to protect Plaintiff from the elevated risks of injury and failure to provide scaffolding, hoists, stays, ladders, blocks, pulleys, braces, irons, ropes or other devices to give proper protection to Plaintiff and render his workplace safe.

20. The Accident and the injuries suffered by Plaintiff as a result thereof were the direct and proximate result of Live Nation's violations of Labor Law § 200, without any carelessness or negligence on the part of the Plaintiff contributing thereto..

21. As a result of Live Nation's violations of Labor Law § 200, Plaintiff has sustained damages well in excess of $75,000, which amount shall be determined at the time of trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violations of Labor Law § 240(1) against Live Nation)

22. Plaintiff repeats all prior allegations.

23. Live Nation violated Labor Law § 240(1) by failing to maintain the area where Plaintiff's tractor trailer was being unloaded in a reasonably safe manner and by failing to correct, detect and/or remedy an unsafe condition where Plaintiff was working.

24. Live Nation further violated Labor Law § 240(1) by failing to protect Plaintiff from the elevated risks of injury and failure to provide scaffolding, hoists, stays, ladders, blocks, pulleys, braces, irons, ropes or other devices to give proper protection to Plaintiff.

25. The Accident and the injuries suffered by Plaintiff as a result thereof were the direct and proximate result of Live Nation's violations of Labor Law § 240(1), without any carelessness or negligence on the part of the Plaintiff contributing thereto.

26. As a result of Live Nation's violations of Labor Law § 240(1), Plaintiff has sustained damages well in excess of $75,000, which amount shall be determined at the time of trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violations of Labor Law § 241(6) against Live Nation)

27. Plaintiff repeats all prior allegations.

28. Live Nation violated Labor Law § 241(6) by failing to maintain the area where Plaintiff's tractor trailer was being unloaded in a reasonably safe manner and by failing to correct, detect and/or remedy an unsafe condition where Plaintiff was working.

29. Live Nation further violated Labor Law § 241(6) by failing to protect Plaintiff from the elevated risks of injury and failure to provide scaffolding, hoists, stays, ladders, blocks, pulleys, braces, irons, ropes or other devices to give proper protection to Plaintiff.

30. Live Nation further violated Labor Law § 240(6) by failing to comply with the provisions of the Industrial Code of the State of New York, including 12 NYCRR 23-9.8(b), (e), (h), (j), and/or (i), and 12 NYCRR 23-9.2(a), (b), and/or (c), because, *inter alia,* at the time of the Accident (i) the Forklift was loaded beyond its capacity; (ii) the Forklift was operated on a surface so uneven as to make upsetting likely; (iii) after the metal crates were loaded the pallet forks were not kept level and or were loose fitting; (iv) the Forklift was not equipped with an appropriate horn, whistle, gong or similar warning device which could have been actuated by the operator to warn Plaintiff of the falling crates; (v) was not properly maintained in good repair and proper operating condition; (vi) John Doe was not a trained and/or designated person capable of operating

5

the Forklift in a safe manner; (vii) John Doe did not operate the Forklift in a safe manner at all times; (viii) John Doe did not remain at the controls while the metal carts were being handled; (ix) John Doe failed to properly trim the load to prevent dislodgment of all or part of the load during transit.

31. The Accident and the injuries suffered by Plaintiff as a result thereof were the direct and proximate result of Live Nation's violations of Labor Law § 241(6) and 12 NYCRR 23-9.8(b), (e), (h), (j), and/or (i), 12 NYCRR 23-9.2(a), (b), and/or (c), without any carelessness or negligence on the part of the Plaintiff contributing thereto.

32. As a result of Live Nation's violations of Labor Law § 240(1) and 12 NYCRR 23-9.8(b), (e), (h), (j), and/or (i), 12 NYCRR 23-9.2(a), (b), and/or (c)., Plaintiff has sustained damages well in excess of $75,000, which amount shall be determined at the time of trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Negligence as against John Doe*)

33. Plaintiff repeats all prior allegations.

34. John Doe owed Plaintiff and others lawfully in the vicinity of the forklift a duty to operate the forklift safely and to exercise ordinary care so as not to negligently cause injuries to those persons lawfully within reach.

35. Defendant breached this duty when he operated the forklift in a negligent and unsafe manner under the circumstances by, *inter alia,* failing to protect Plaintiff from the elevated risks of injury and failure to provide scaffolding, hoists, stays, ladders, blocks, pulleys, braces, irons, ropes or other devices to give proper protection to Plaintiff, and or to comply with the provisions of the Industrial Code of the State of New York, including 12 NYCRR 23-9.8(b), (e), (h), (j), and/or (i), and 12 NYCRR 23-9.2(a), (b), and/or (c), because, *inter alia,* at the time of the Accident (i) the Forklift was loaded beyond its capacity; (ii) the Forklift was operated on a surface

so uneven as to make upsetting likely; (iii) after the metal crates were loaded the pallet forks were not kept level and or were loose fitting; (iv) the Forklift was not equipped with an appropriate horn, whistle, gong or similar warning device which could have been actuated by the operator to warn Plaintiff of the falling crates; (v) was not properly maintained in good repair and proper operating condition; (vi) John Doe was not a trained and/or designated person capable of operating the Forklift in a safe manner; (vii) John Doe did not operate the Forklift in a safe manner at all times; (viii) John Doe did not remain at the controls while the metal carts were being handled; (ix) John Doe failed to properly trim the load to prevent dislodgment of all or part of the load during transit.

36. The Accident, injuries and damages resulting therefrom, were caused by the negligent acts, omissions, and conduct of the Defendant, without any carelessness or negligence on the part of the Plaintiff contributing thereto.

37. As a direct and proximate result of Defendant Doe's negligence, Plaintiff has sustained damages well in excess of $75,000, which amount shall be determined at the time of trial.

### IV. AS AND FOR A FIFTH CAUSE OF ACTION
*(Negligence as against Defendant John Doe)*

38. Plaintiff repeats all prior allegations.

39. At all times relevant herein, Defendant Doe was employed by Live Nation to unload trucks with a forklift and at all times mentioned herein, including at the time of the Accident, was acting within the scope and furtherance of that employment.

40. As a proximate result of John Doe's aforesaid negligence, Plaintiff has and will continue to experience unnecessary pain and suffering, permanent disability, and past and future medical expenses and economic losses.

41. Live Nation is therefore liable to Plaintiff under the doctrine of *respondeat superior.*

42. As a direct and proximate result of Defendant Doe's negligence, Plaintiff has sustained damages well in excess of $75,000, which amount shall be determined at the time of trial.

**WHEREFORE**, Plaintiff Robert Radovich respectfully demands that Judgment be entered herein against Defendants on all causes of action, together with costs and such other relief as may be just and equitable under the circumstances.

<u>**A JURY TRIAL IS HEREBY DEMANDED**</u>

DATED: October 23, 2020

GIRVIN & FERLAZZO, P.C.

By: _____
Daniel S.L. Rubin, Esq.
Bar Roll No.  518414
*Attorneys for Plaintiff*
20 Corporate Woods Blvd.
Albany, NY 12211
(518) 462-0300